UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 02-4401

ROBERT HANNAH, JR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-01-774)

Submitted: October 10, 2002

Decided: October 18, 2002

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. Arthur Bradley Parham, OFFICE OF
THE UNITED STATES ATTORNEY, Florence, South Carolina, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert Hannah, Jr., appeals his conviction and 140 month sentence after pleading guilty to conspiracy to possess with intent to distribute crack cocaine in violation of 28 U.S.C. § 846 (2000). His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but asserting the district court failed to meet the requirements of Rule 11 of the Federal Rules of Criminal Procedure at the plea hearing. Hannah has filed a pro se supplemental brief claiming the district court erred in calculating his sentencing guidelines range because points were added to his offense level and criminal history calculations for: (1) possessing a firearm; and (2) committing the offense while on probation. Finding no reversible error, we affirm.

On appeal, Hannah contends his Fed. R. Crim. P. 11 plea hearing was inadequate. As Hannah raised no objection to the Rule 11 proceeding below, we review this claim for plain error. *See United States v. General*, 278 F.3d 389, 394 (4th Cir.), *cert. denied*, 122 S. Ct. 2643 (2002). In light of the district court's thorough plea colloquy, we find Hannah was fully aware of his rights and the consequences of his plea, and that his plea was knowing and voluntary. Thus, we find the district court complied with the requirements of Fed. R. Crim. P. 11.

Hannah also contends the district court erred in calculating his sentencing guidelines range. As Hannah did not object at sentencing, we review for plain error. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996). The record demonstrates Hannah's sentence was properly calculated, and that, in any event, Hannah received a sentence far below the guideline range based on the Government's motion for a downward departure.

We have reviewed the entire record in this case in accordance with the requirements of *Anders*, and find no meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous,

then counsel may move in this court for leave to withdraw from representation. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*